# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:   STEPHEN W. BEYERLEIN and                    No. 13-06-11278 MA
         BELINDA BEYERLEIN,

         Debtors.

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9023 AND 9024 ASKING THIS COURT TO ALTER OR AMEND ITS DECEMBER 19, 2006, ORDER DENYING CONFIRMATION OF THESE DEBTORS' CHAPTER 13 PLAN, AND FOR OTHER RELIEF

THIS MATTER is before the Court on the Motion Under Fed. R. Bank. P. 9023 and 9024 Asking this Court to Alter or Amend its December 19, 2006, Order Denying Confirmation of These Debtors' Chapter 13 Plan, and for Other Relief ("Motion to Alter or Amend Order"), filed by the United States Trustee for Region 20.   The Motion to Alter or Amend requests the Court to alter or amend its Order Denying Confirmation of Debtors' Chapter 13 Plan with Leave to Amend ("Order") entered December 19, 2006 in light of the enactment of Pub. L. No. 109-439, 129 Stat. 3285, (2006), titled the Religious Liberty and Charitable Donation Clarification Act of 2006 ("RLCDCA"), which the President of the United States signed into law on December 20, 2006.[1]

---

[1]The preface to the RLCDCA states that it is "[a]n Act to clarify the treatment of certain charitable contributions under title 11, United States Code."  S.4044.   The complete text of the RLCDCA is as follows:

> SECTION 1. SHORT TITLE.
>     This Act may be cited as the `Religious Liberty and Charitable Donation Clarification Act of 2006'.
> SEC. 2. TREATMENT OF CERTAIN CONTRIBUTIONS IN BANKRUPTCY.
>     Section 1325(b)(3) of title 11, United States Code, is amended by inserting `, other than subparagraph (A)(ii) of paragraph (2),' after `paragraph (2)'.

Pub. L. No. 109-439, 129 Stat. 3285, (2006).

1

The Court's Order determined that the plain language of 11 U.S.C. § 1325(b)(3) precludes above-median income debtors from deducting charitable contributions from their disposable income calculation. The RLCDCA amends 11 U.S.C. § 1325(b)(3) to provide that charitable contributions can be included as part of the reasonable and necessary expenses for above-median income debtors when calculating such debtors' disposable income. The United States Trustee argues that because the stated purpose of the RLCDCA is to clarify, rather than alter, existing law, it should apply to this case that was pending as of the date of enactment of the RLCDCA. The Chapter 13 Trustee requests the Court to deny the Motion, countering that despite its title, the RLCDCA constitutes a substantive change to the law as it existed when this Court made its decision, so that the presumption that statutes have only prospective effect and will be given retroactive effect only if there is affirmative legislative direction to do so ought to apply. *See Kaiser Aluminum and Chemical Corp v. Bonjorno,* 494 U.S. 827, 833, 108 L.Ed.2d 842, 110 S.Ct.1570 (1990).

After considering the Motion to Alter or Amend Order and the response thereto in light of the RLCDCA and the standards regarding retroactive application of newly enacted federal statutes, the Court finds that RLCDCA applies to pending cases. Accordingly, the Court will grant the Motion to Alter or Amend Order.

## DISCUSSION

Rule 9023, Fed.R.Bankr.P. makes Rule 59 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings. A motion filed pursuant to Rule 59 Fed.R.Civ.P. must be filed within ten days of the date of entry of the order or judgment. Rule 59(b), Fed.R.Civ.P. The Motion to Alter or Amend Order was filed within ten days of the date of entry of the Court's

2

Order and is, therefore, governed by Rule 59, Fed.R.Civ.P.   Appropriate grounds for granting

relief under Rule 59, Fed.R.Civ.P. include "an intervening change in controlling law."   *See*

*Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a

motion to reconsider include (1) an intervening change in the controlling law . . ."); *In re*

*Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co.,* 223 B.R. 222, 223 (D.Kan.

1998).

        In this case, pending legislation addressing the issue decided by this Court was signed

into law the day after the Court entered its Order.   The RLCDCA does not include an effective

date, nor does it include specific language providing that the RLCDCA shall apply to all pending

cases.  Thus, there is no clear indication within the language of the RLCDCA that Congress

intended for the statute to apply to pending cases.  *Cf.  DeVargas v. Mason & Hanger-Silas*

*Mason Co., Inc.,* 911 F.2d 1377 (10th Cir. 1990) (in determining whether a newly enacted statute

applies retroactively to pending cases, the court must "look to congressional intent" and "'where

the congressional intent is clear, it governs.'")quoting *Kaiser Aluminum & Chemical Corp. v.*

*Bonjorno,* 494 U.S. 827, 828, 108 L.Ed.2d 842, 110 S.Ct.1570, 1577 (1990).

        In *Landgraf v. USI Film Products,* 511 U.S. 244, 128 L.Ed.2d 229, 114 S.Ct. 1483

(1994), the Supreme Court examined the "apparent tension" between two general rules

articulated by the Supreme Court in *Bradley v. School Board of City of Richmond,* 416 U.S. 696,

40 L.Ed.2d 476, 94 S.Ct. 2006 (1974), and *Bowen v. Georgetown University Hospital,* 488 U.S.

204, 102 L.Ed.2d 493, 109 S.Ct. 468 (1988) concerning the effect of intervening changes in the

law as a result of a newly enacted statute that does not specify its temporal reach.  *Landgraf,* 511

U.S. at 264.   In  *Bradley,* the Supreme Court articulated the general rule that "a court is to apply

the law in effect at the time it renders its decision." *Bradley,* 416 U.S. at 711.  In *Bowen,* the

Supreme Court iterated the long-standing axiom that "[r]etroactivity is not favored in the law."

*Bowen,* 488 U.S. at 208.  *Landgraf* acknowledges that "prospectivity remains the appropriate

default rule . . . . [b]ecause it accords with widely held intuitions about how statutes ordinarily

operate" but also finds that "[e]ven absent specific legislative authorization, application of new

statute passed after the events in suit is unquestionably proper in may situations."  *Landgraf,* 511

U.S. at 272 and 273.  Whether a newly enacted statute, in fact, operates retroactively (requiring

only prospective application absent clear congressional intent to the contrary)  "comes at the end

of a process of judgment concerning the nature and extent of the change in the law and the

degree of connection between the operation of the new rule and a relevant past event."

*Landgraf,* 511 U.S. at 270.

In this case, although RLCDCA was enacted after the Debtors filed their petition and

after the Court issued its Order, application of the RLCDCA to this pending case does not appear

to be retroactive insofar as the events in the suit are ongoing as part of the Debtors' repayment

plan over the life of the bankruptcy proceeding.  *Cf. Landgraf,* 511 U.S. at 280 ("When a case

implicates a federal statute enacted *after the events in suit* the court's first task is to determine

whether Congress has expressly prescribed the statute's proper reach.") (emphasis added). Thus,

clearly the RLCDCA would apply to any unconfirmed chapter 13 case that was filed prior to its

enactment, since the RLCDCA would be the law in effect as of the time the Court would

consider confirmation.  *Bradley,* 416 U.S. at 711.   In other words, the law in effect as of the

time the conduct (i.e., the debtors' attempt to confirm a plan based on a calculation of disposable

income) would be the RLCDCA.   In addition, the nature of the change in the law is premised

upon Congress' determination that the RLCDCA was needed to "fix a mistake" and that by enacting the Bankruptcy Abuse Prevention and Consumer Protection Act, Congress never intended to interfere with debtors' tithing and charitable contribution practices. *See* 152 Cong.Rec. H8812-13 (2006) (floor speech of Cong. Sensenbrenner: "[t]he clear intent of that act [BAPCPA] was not to disturb the rights of debtors to continue to make charitable contributions or to tithe pursuant to the 1998 [RLCDA] act." floor speech of Cong. Conyers: "Let's fix this mistake.").

It follows, then, that because the Court's Order remained interlocutory pending the outcome of the Motion to Alter or Amend, it is appropriate for the Court to apply the RLCDCA to this pending matter. *See* Rule 8002(b), Fed.R.Bankr.P.; *In re American Freight System, Inc.,* 153 B.R.316, 319 (noting that "[w]hen a timely motion to alter or amend or reconsider is filed, the time for appeal runs from the entry of the order denying that motion."). Furthermore, the Order denied confirmation of Debtors' plan with leave to file an amended plan. Thus, because the Debtors retained their right to amend their plan, application of the RLCDCA to this pending case does not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed" because the confirmation process has not been finally adjudicated. *Landgraf,* 511 U.S at 280. The Court, therefore, concludes that application of RLCDCA to this pending case is appropriate.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Alter or Amend is GRANTED. Because the parties stipulated at the final hearing on confirmation that all issues other than the scope of 11 U.S.C. § 1325(b)(3) were resolved, it is appropriate to confirm the Debtors' plan.

5

WHEREFORE, IT IS HEREBY ORDERED that the parties submit an order confirming plan consistent with this Order.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Alice Nystel Page
Attorney for the United States Trustee
PO Box 608
Albuquerque, NM 87103

Lisa A. Tracy
Attorney for the United States Trustee
Office of the General Counsel
Executive Office for the United States Trustee
20 Massachusetts Ave., NW, Rm. 8122
Washington, DC 20530

Ron Holmes
Attorney for Debtors
112 Edith NE
Albuquerque, NM 87102

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

6